UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| YOLANDA BELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 16-2083 (RC) |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

This matter is before the Court on defendants' motion to dismiss or Transfer [ECF No. 8] and plaintiff's motions to amend her complaint [ECF Nos. 20-21]. For the reasons discussed below, the Court grants the defendants' motion to dismiss.

## I. BACKGROUND

Yolanda Bell, a former employee of the United States Department of the Interior, filed an employment discrimination complaint in the United States District Court for the Northern District of California.[1] Assistant United States Attorney Victoria Boesch ("AUSA Boesch") represented the defendant. Discovery disputes arose, and among other rulings, the court ordered plaintiff to undergo an independent medical examination ("IME"). Mem. of Law in Support of

---

[1] Plaintiff refers in her complaint, *see* Compl. at 7 n.6, to a miscellaneous action in the United States District Court for the Eastern District of Virginia, *see Bell v. Jewell*, No. 1:13-mc-0023 (E.D.V.A. July 15, 2013). The Court may, *see Jones v. Lieber*, 579 F. Supp. 2d 175, 178-79 (D.D.C. 2008), and does take judicial notice of public records filed in this miscellaneous case and the underlying employment discrimination case, *see Bell v. U.S. Dep't of the Interior*, No. 3:11-cv-6650 (N.D. Cal. Dec. 27, 2011), which was transferred to the United States District Court for the Eastern District of California in May 2012, *see Bell v. U.S. Dep't of the Interior*, No. 2:12-cv-1414 (E.D. Cal. May 24, 2012).

1

Mot. to Dismiss or Transfer, Ex. A (Order, *Bell v. U.S. Dep't of Interior*, No. 2:12-cv-1414 (E.D. Cal. Aug. 19, 2013) at 14).

According to plaintiff, AUSA Boesch scheduled "an [IME] with Dr. Mark A. Mills at 0900 hours at 6635 Hillandale Road, Chevy Chase, Maryland 20815" on August 21, 2013. Compl. at 3 ¶ 1 (page numbers designated by ECF; paragraph numbers designated by plaintiff). Plaintiff described the building as "an attached end unit townhouse in a residential community adjacent to the Clara Barton Historical Park." Compl. at 3 ¶ 3. The building did not appear to be "a medical or office building," and "there was no signage . . . to indicate . . . it was a business at all – medical or otherwise." *Id*. at 3 ¶ 3. She "called 411 information which revealed no number listed at that address in Chevy Chase for a Dr. Mark Mills, MD." *Id*. at 3 ¶ 5. Plaintiff also called the United States District Court for the District of Maryland, the United States Attorney's Office for the District of Maryland, and the Maryland Board of Physicians, and "none . . . had a Maryland address for Dr. Mills." *Id*. at 4 ¶ 5. Further, plaintiff alleged, "the Maryland Medical Board of Physicians showed no Maryland license having been issued to Dr. Mark. J. Mills, MD current or past." *Id*.

Plaintiff called AUSA Boesch to share her "safety concerns" about Dr. Mills and to express her willingness "to attend the IME at another location such as Dr. Mills['] office complex in the District of Columbia or another Business location." *Id*. at 4 ¶ 6. AUSA Boesch arranged a conference call for later that morning, *id*. at 4 ¶ 7, which the Court presumes was a telephone conference with the court, *see Bell v. U.S. Dep't of the Interior*, No. 2:12-cv-1414,

2013 U.S. Dist. LEXIS 130078, at *6 (E.D. Cal. Sept. 11, 2013).[2] "Plaintiff . . . took pictures of the area and townhouse and left[.]" Compl. at 4 ¶ 7.

In plaintiff's view, defendants were "wrongfully and forcefully pressuring [her] under threat to see Dr. Mark Mills (to her detriment), an . . . unlicensed physician, to take part in the IME . . . despite being informed . . . that . . . Mark Mills was not licensed to practice medicine in Maryland[.]" *Id*. at 5 ¶ 1 (emphasis in original). She alleged that a "reasonable person" would not pressure "a lone female[,] to enter said location for eight (8) hours with an unknown male . . . , into a townhouse that had no sign indicating that it was a . . . physician's office, that was adjacent to a large forest, and/or with a man [she] did not know [or] had ever seen before even if

---

[2] The Magistrate Judge, who on July 31, 2013 granted defendant's motion to compel the IME pursuant to Rule 35 of the Federal Rules of Civil Procedure, explained:

> The morning of the scheduled examination, on August 21, 2013, plaintiff drove to Dr. Mills' office but would not leave her car to enter his office for the examination. Plaintiff refused to appear for the examination claiming that she was concerned with Dr. Mills' office location. That same morning, following some telephonic discussions between the parties, the court held a telephonic conference with the parties during which plaintiff articulated the following additional concerns: Dr. Mills' office was located in a residential area, his office is not zoned properly, and he is not licensed to practice in Maryland. Defense counsel represented that Dr. Mills spoke with plaintiff outside his office, assured her that she was at his office and offered for her to look around his office. The undersigned considered plaintiff's objections and specifically declined to vacate the August 19, 2013, order requiring the examination . . . . During the telephone conference, the court explained to plaintiff that the court had previously found Dr. Mills to be eminently well-qualified to conduct the examination, and the fact that his office is in what she considers a residential area does not alter the court's ruling . . . . Notwithstanding the court's ruling, and the earlier admonition on August 21, 2013, regarding failure to comply with discovery rules and orders, plaintiff refused to comply with this court's explicit order to appear for her examination.

*Bell*, 2013 U.S. Dist. LEXIS 130078, at *7-9 (E.D. Cal. Sep. 11, 2013). The presiding district judge ultimately dismissed the case with prejudice due to plaintiff's failure to comply with court orders. *Bell v. U.S. Dep't of Interior*, No. 2:12-cv-1414 (E.D. Cal. Nov. 21, 2013).

3

he was supposed to be a physician[,]" *id*. at 5 ¶ 2, particularly when "it was not uncommon to hear of women going missing in the DC Metro area," *id*. at 5-6 ¶ 2.

Plaintiff brings this action under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671-80, against the United States, *see* Compl. at 1-2 ¶ 2.[3] She alleges that AUSA Boesch "failed in her duty of care when she failed to exercise due diligence by checking on the medical licensing and location of Dr. Mark Mills prior to sending [p]laintiff to him for examination." *Id*. at 5 ¶ 1. Further, plaintiff alleges that AUSA Boesch breached her "legal duty to act with candor toward the tribunal, a duty to not knowingly engage in illegal conduct or conduct contrary to a disciplinary rule; conduct involving dishonesty or fraud, conduct that is prejudicial to the administration of justice, conduct that give[s] even the appearance of professional impropriety; and a duty to always maintain her integrity, candor and fairness in conduct, and not engage in any manner of 'fraud or chicane' [sic] in the pursuant of a client's cause." *Id*. at 6 ¶ 3 (footnotes omitted). Plaintiff faults AUSA Boesch for having moved to dismiss plaintiff's employment discrimination lawsuit rather than reschedule an IME with a licensed physician at another location. *Id*. at 7 ¶ 5. As a result, plaintiff alleges, she has suffered "loss of enjoyment of life, despondency; sleep disruption/deprivation; damage to reputation; emotional distress, humiliation, case dismissal and exacerbated depression," *id*. at 7 ¶ 6. Plaintiff demands monetary damages. *Id*. at 9.

---

[3] The only proper defendant to an action under the FTCA is the United States of America. *See, e.g., Johnson v. Veterans Affairs Med. Ctr.*, 133 F. Supp. 3d 10, 16 (D.D.C. 2015). Although plaintiff names the Department of Justice and an unspecified United States Attorney's Office, *see* Compl. at 1 (caption), the Court proceeds as if there is a single defendant, the United States of America.

4

II. DISCUSSION

*A. Dismissal Under Rule 12(b)(6)*

A plaintiff need only provide a "short and plain statement of [her] claim showing that [she is] entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim." *Woodruff v. DiMario*, 197 F.R.D. 191, 193 (D.D.C. 2000). In considering such a motion, the "complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, "the [C]ourt need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Id.* Nor must the Court accept "a legal conclusion couched as a factual allegation," nor "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

A complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the [C]ourt to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly,* 550 U.S. at 556). "[A] complaint [alleging] facts that are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557). Although a

5

*pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson,* 551 U.S. at 94 (internal quotation marks and citation omitted), it too "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79), by the defendants.

### B. Plaintiff's Complaint Fails to Allege a Negligence Claim

The United States enjoys sovereign immunity, *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941), and it "may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction," *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "The [FTCA] Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); *Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003). It confers on federal district courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . , for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

For purposes of this Memorandum Opinion, the Court presumes without deciding that venue in this district is proper and that District of Columbia tort law applies. A plaintiff bringing a negligence claim must show: "that there was a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff,

proximately caused by the breach." *Girdler v. United States*, 923 F. Supp. 2d 168, 187 (D.D.C. 2013) (citations and internal quotation marks omitted). Defendants argue that "[p]laintiff has not sufficiently alleged any of these elements." Mem. of Law in Support of Mot. to Dismiss or Transfer ("Defs.' Mem.") at 8.

First, defendants contend that plaintiff "does not adequately allege that AUSA Boesch," who was opposing counsel in plaintiff's employment discrimination lawsuit, "owed her a legal duty." *Id*. The purported duties plaintiff identifies pertain to professional ethics and AUSA Boesch's obligations as an officer of the Court. For example, plaintiff refers in footnotes to three provisions of the ABA Model Code of Professional Responsibility. *See* Compl. at 6 ¶ 3. Not one is an obligation owed to an adverse party. Rather, because "there is no common law duty between a plaintiff and opposing counsel, [there is] no standard of care that could be breached." *Ginsberg v. Granados*, 963 A.2d 1134, 1141 (D.C. 2009). Accordingly, plaintiff's negligence claims "must fail because an attorney owes no duty to opposing counsel or an adverse party." *Conservative Club of Washington v. Finkelstein*, 738 F. Supp. 6, 9 (D.D.C. 1990); *see Morovitz v. Marvel*, 423 A.2d 196 (D.C. 1980) (finding that "a negligence action will not lie by a former defendant against adverse counsel . . . primarily for the reason that there is an absence of privity of contract between counsel and an opposing party and for public policy reasons").

Second, defendants argue, even if AUSA Boesch owed a duty to plaintiff, the complaint fails to allege adequately an actionable breach of that duty. *See* Defs.' Mem. at 8-9. Review of the docket of plaintiff's employment discrimination case in the Eastern District of California reveals that the *court* ordered the IME. Specifically, the court order provided that "[p]laintiff shall appear for an independent medical examination by Dr. Mark Mills, M.D., on August 21, 2013, at 9:00 a.m., at 6635 Hillandale Road, Chevy Chase, Maryland 20815[.]" *Id*., Ex. A

(Order, *Bell v. U.S. Dep't of the Interior*, No. 2:12-cv-1414 (E.D. Cal. Aug. 13, 2013)) at 14. Moreover, once plaintiff balked at attending the IME based on the exact concerns raised in this matter, the court did not reconsider its finding that there was "good cause for a Rule 35 examination because plaintiff's allegations that defendant's conduct caused her numerous physical and mental health-related injuries put her mental state genuinely in controversy."[4] *Bell*, 2013 U.S. Dist. LEXIS 130078, at *7 (internal quotation marks omitted). The Court concurs that plaintiff does not allege adequately a breach of duty on the part of AUSA Boesch.[5]

Third, to the extent that plaintiff's complaint is interpreted as raising a claim of misrepresentation or fraud, *see* Compl. at 7 ¶ 8, the FTCA precludes it. Expressly excluded from the FTCA's coverage is "[a]ny claim arising out . . . misrepresentation [or] deceit." 28 U.S.C.S. § 2680(h). In other words, the FTCA "does not waive sovereign immunity for . . . misrepresentation[] or deceit claims," *Budik v. United States*, No. 14-5102, 2014 U.S. App. LEXIS 21460, at *1 (D.C. Cir. Nov. 12, 2014), and the Court must dismiss them, *see, e.g., Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 126 (D.D.C. 2016).

### C. Plaintiff's Motion to Amend the Complaint

The 21-day period within which plaintiff could have amended her complaint as a matter of course under Fed. R. Civ. P. 15(a)(1) has passed. At this juncture, amendment of the complaint is allowed "only with the [defendant's] written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Defendant

---

[4] This court finding may even collaterally estop plaintiff from raising her current claims. *See Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992).
[5] Defendants argue that "[p]laintiff does not plausibly allege that she suffered any damages due to her being sent for an [IME]." Defs.' Mem. at 9. It seems unlikely that plaintiff's travels to Chevy Chase, Maryland for an IME she refused to undergo resulted in the extreme and pervasive harms she alleges. However, at this stage of the proceedings, the Court is not inclined to dismiss this *pro se* plaintiff's complaint merely because her demand for damages seems exaggerated.

8

opposes the motion, *see generally* Opp'n to Pl.'s Mot. for Leave to File Am. Compl. at 3-6, and the Court denies leave to amend.

The Court notes that plaintiff's proposed amended complaint is substantially similar to the original pleading – and suffers its same defect. It is no more successful in alleging a viable negligence claim arising from the purported acts or omissions of AUSA Boesch. An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss." *Robinson v. Detroit News, Inc*., 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (citation omitted); *see also James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (affirming denial of proposed amended complaint as futile). Where, as here, the proposed amended complaint would not survive a motion to dismiss, leave to amend appropriately is denied. *See Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012) (citation omitted), *cert. denied*, 133 S. Ct. 860 (2013).

## III. CONCLUSION

The Court concludes that plaintiff's complaint fails to state an FTCA claim upon which relief can be granted. Accordingly, the Court grants defendants' motion to dismiss the complaint and denies as futile plaintiff's motion to amend the complaint. An Order is issued separately.

DATE: March 16, 2018                    /s/
                                         RUDOLPH CONTRERAS
                                         United States District Judge